```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

ROBERT COYLE, MICHELLE FRONTANI, )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )    Civil No. 2015-22
                                 )
MARRIOT OWNERSHIP RESORTS (ST.   )
THOMAS), INC.,                   )
                                 )
          Defendant.             )
                                 )
```

APPEARANCES:

**Samuel H. Hall Jr.**
Hall & Griffith, P.C.
St. Thomas, VI
    *For the plaintiffs Robert Coyle and Michelle Frontani*,

**Carl A. Beckstedt, III**
Beckstedt and Associate
Christiansted, VI
    *For the plaintiff Garry Garten*,

## ORDER

Before the Court is the Motion of Marriott Ownership Resorts, Inc. ("Marriott") for Judgment on the Pleadings as to Count Three of the Complaint.

### PROCEDURAL AND FACTUAL HISTORY

On August 20, 2013, at approximately 6:30 PM, Robert Coyle and Michelle Frontani, a/k/a Michelle Coyle, (the "Coyles"), along with several friends, descended an outdoor stairway on the grounds of a resort owned by the Marriott. The Coyles allege

that the stairway was dark. They also allege that the lights that were meant to illuminate the staircase were not on. There were no warning signs. The steps were slippery from rain water and did not have any non-skid materials on them. Robert Coyle fell. Robert Coyle broke his fibula and tibia.

On March 20, 2015, the Coyles filed this action against Marriot. The complaint includes three counts. In Count One, the Coyles have brought a claim for negligence. As part of Count One, Michelle Coyle also asserts a claim for loss of consortium. In Count Two, the Coyles have brought a claim for gross negligence. In Count Three, the Coyles have brought a claim for strict liability.

Marriot filed an answer to the complaint. Thereafter, Marriot filed a motion for judgment on the pleadings as to Count Three, strict liability.

## DISCUSION

Pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), "[a]fter the pleadings are closed ... any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (2007); *see also Turbe v. Gov't of the V.I.,* 938 F.2d 427, 428 (3d Cir. 1991) ("A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed."). In reviewing a motion for a judgment on the pleadings, the Court

*Coyle v. Marriott Ownership Resorts*
Civ. No. 15-22
Page 3

"view[s] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the [non-movant]." *Mele v. Fed. Reserve Bank of N.Y.,* 359 F.3d 251, 253 (3d Cir. 2004)(first alteration in the original).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir. 1999).

"[J]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *E.I. DuPont de Nemours and Co. v. United States,* 508 F.3d 126, 131-32 (3d Cir. 2007) (quoting *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005)).

## ANALYSIS

Count Three states that the Marriott is strictly liable to Coyle for his injury in Marriott's resort.  In support of its motion for judgment on the pleadings as to Count Three, Marriott argues that as a matter of law, strict liability is not the liability standard to which Marriott can be held.

A determination of the liability standard necessarily starts with a review of the relevant law. *See Miller v. City of Phila.*, 174 F.3d 368, 375 (3d Cir. 1999).  Upon review, the Court finds that the Virgin Islands Code is devoid of any

provision that imposes a strict liability standard for innkeepers. That finding does not end the Court's inquiry.

In the absence of local law, the Court will review the relevant common law. Here, the Supreme Court of the Virgin Islands has acknowledged that a negligence standard applies in the context of general premises liability. *See Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (V.I. 2014). Significantly, the Virgin Islands Supreme Court has not recognized a different liability standard for an innkeeper with regard to the innkeeper's guests. The Court's inquiry as to whether this Court should recognize a different liability standard for innkeepers is not yet complete. Indeed,

> [i]n the absence of guidance from the state's highest court, [the Court] must look to decisions of state intermediate appellate courts, of federal courts interpreting that state's law, and of other state supreme courts that have addressed the issue. [The Court] must also consider analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.

*Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1445 (3d Cir. 1996)(internal citations and quotations omitted).

Applying that standard, the Court will first provide some context on what strict liability is, and when it is applied. Strict liability is "liability that does not depend on proof of negligence or intent to do harm but that is based instead on a

duty to compensate the harms proximately caused by the activity or behavior subject to the liability rule. . . ." 10 BLACK'S LAW DICTIONARY (2014).

Traditionally, strict liability has been imposed for (1) injuries caused by abnormally dangerous activities; (2) injuries caused by wild animals, livestock, or abnormally dangerous animals; and (3) situations involving products liability. *See* RESTATEMENT (THIRD) OF TORTS: PHYS. & EMOT. HARM §§ 20-23 (2010); RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY §§1-20 (1998).

The Restatement (Third) of Torts directly addresses the liability that a hotel has to its patrons. *See* RESTATEMENT (THIRD) OF TORTS § 40 (2012). It states that an innkeeper is under a "duty of reasonable care with regard to risks that arise within the scope of the relationship." *Id.*; *see also Nicholas v. Wyndham Intern., Inc.*, 2007 WL 4201032 (D.V.I. 2007)(quoting RESTATEMENT (SECOND) OF TORTS § 314(A) (1965) for the proposition that "[a]n innkeeper owes its guests a 'duty to take reasonable action to protect them against unreasonable risk of physical harm'"). The Restatement (Third) of Torts further explains that a duty of reasonable care is conduct that is reasonable, shows ordinary care, and shows reasonable prudence. RESTATEMENT (THIRD) OF TORTS § 3 cmt. a. Consistent with the Restatement (Third) of Torts, Courts in a majority of jurisdictions have recognized

*Coyle v. Marriott Ownership Resorts*
Civ. No. 15-22
Page 6

that an innkeeper has a duty of reasonable care to its guests. *See, e.g., Goldman v. Hollywood Beach Hotel Co.*, 244 F.2d 413 (5th Cir. 1957)(applying the law of Florida); *Spector v. El Ranco, Inc.*, 263 F.2d 143 (9th Cir. 1959)(applying Nevada law); Buchaca v. Colgate Inn, 296 N.Y. 790 (1947)(applying New York law); Newell v. Zurich Ins. Co., 325 So.2d 745 (La. Ct. App. 1976)(applying Louisiana law).

Coyle invites the Court to embark on a policy driven journey, at the end of which Coyle seeks recognition of a form of strict liability that has never been recognized in the Virgin Islands, nor in any Court faced with similarly situated plaintiffs. The standard Coyle proposes is much more demanding than the standard proposed by the Restatement (Third) of Torts or adopted in other jurisdictions. Significantly, the Virgin Islands Legislature, in its sound discretion, has not created a distinct and higher standard of liability, such as strict liability, for innkeepers. Accordingly, the Court will decline Coyle's invitation to do so, as such an outcome arguably treads in what is a forbidden zone for courts -- a legislative policy determination. *See Bibb v. Navajo Freight Lines, Inc.*, 359 U.S. 520, 525 (1959)("If there are alternative ways of solving a problem, we do not sit to determine which of them is best suited to achieve a valid state objective. Policy decisions are for

*Coyle v. Marriott Ownership Resorts*
Civ. No. 15-22
Page 7

the state legislature. . . ."); *Florida Dept. of Revenue v. Piccadilly Caveterias, Inc.*, 554 U.S. 33, 52 (2008)("[I]t is not for us to substitute our view of. . . policy for the legislation which has been passed by Congress")(internal quotations omitted).

    The premises considered, it is hereby

    **ORDERED** that Marriott's motion for Judgment on the Pleadings as to Count Three of the Complaint is **GRANTED**; it is further

    **ORDERED** that Count Three of the Complaint is **DISMISSED**.

                                         S\_____
                                           **Curtis V. Gómez**
                                           **District Judge**